## LEHMAN v. GRAHAM.

### (Circuit Court of Appeals, Fifth Circuit. February 15, 1905.)

### No. 1,356.

1. FEDERAL COURTS—JURISDICTION—INJUNCTION TO STAY ENFORCEMENT OF JUDGMENT OF STATE COURT.

Rev. St. § 720 [U. S. Comp. St. 1901, p. 581], providing that a writ of injunction shall not be granted by a court of the United States to stay proceedings in any state court, except under a bankruptcy law, does not prevent a federal court in a suit within its jurisdiction by reason of diversity of citizenship and the amount involved from granting relief against a judgment of a state court obtained by fraud or on other equitable grounds, where such relief could be granted if the judgment were that of a federal court; and in such case a preliminary injunction may be granted to prevent the collection of the judgment by execution or otherwise.

[Ed. Note.—Federal courts enjoining proceedings of state courts, see notes to Gardner v. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575; Copeland v. Bruning, 63 C. C. A. 437.]

2. APPEAL—REVIEW—ORDER GRANTING PRELIMINARY INJUNCTION.

The granting of a preliminary injunction rests in the sound judicial discretion of a Circuit Court, and, while its order granting such injunction is reviewable, it will not be disturbed on appeal unless it is violative of the rules of equity that have been established for the guidance of its discretion.

3. SAME.

Where a preliminary injunction has been granted on a sworn bill, which presents grave questions of law, to prevent immediate and certain injury to the moving party, and it appears that no injury will result therefrom to the defendant which cannot be provided against by a bond, the appellate court on an appeal from the order will not consider questions going to the merits of the bill, which should be raised by proper pleadings and first presented to the trial court.

Appeal from the Circuit Court of the United States for the Southern District of Florida.

This is an appeal from an interlocutory decree granting a temporary injunction. John A. Graham filed the bill against Francis Irsch and D. Lehman. The material averments of the bill are as follows:

(1) On May 5, 1891, Graham was indebted to Irsch in the sum of $4,000. To secure this debt, he made his note and mortgage, payable to Irsch on demand. By the mortgage he conveyed to him an undivided interest in lands situated in the Southern District of Florida.

(2) On the same day, as collateral and additional security for the payment of the debt, Graham assigned to Irsch his right and interest in a mortgage made by one James W. Lyman to Graham, which mortgage covered real estate therein described. This mortgage was made to secure a note for $5,-

230.86, and Graham agreed with Irsch to transfer and deliver the note, also, as collateral security to further secure the $4,000 debt to Irsch.

(3) On September 15, 1891, Irsch brought suit in the United States Circuit Court for the Northern District of Florida to foreclose the mortgage executed by Graham to Irsch. On May 18, 1893, a decree of foreclosure was entered.

(4) On August 15, 1893, by agreement in open court made between the solicitors of Irsch and Graham, the decree of foreclosure was amended so as to make it embrace as a decree of foreclosure the right, title, and interest of Graham in the note and mortgage of James W. Lyman to Graham, which had been assigned as collateral security for the payment of the $4,000 note made by Graham and payable to Irsch.

(5) The purpose of this agreement and amendment to the decree, and the only purpose, was to foreclose and sell the right and interest of Graham in the note and mortgage so pledged by him as collateral.

(6) At the time of this agreement Graham still held possession of the note made by James W. Lyman, not having transferred the same to Irsch, but, pursuant to such agreement, he now transferred it, writing thereon: "Pay to Francis Irsch, subject to the terms of assignment heretofore made. John A. Graham." It was fully understood and agreed between the parties at this time that the transfer of Graham's interest in the note was only as collateral security for the payment of the debt of $4,000, which Graham owed to Irsch, and that the transfer was made in accordance with the consent decree entered August 15, 1893.

(8) On April 3, 1894, a deficiency decree was entered in said cause in favor of Irsch and against Graham for $4,163.52.

(9) By act of Congress the foreclosure suit and proceedings therein were transferred to the Circuit Court of the United States for the Southern District of Florida and became part of the records thereof. On March 5, 1902, Graham fully paid the deficiency decree.

(10) That Irsch and Lehman conspired to defraud Graham, and fraudulently to charge him as an indorser and guarantor of the note of James W. Lyman, and to violate the stipulation and agreement of counsel and the decree of the court thereon.

(11) That, pursuant to this conspiracy, Lehman took the note of James W. Lyman as security for a previously existing indebtedness of Irsch to him, and did not pay or give any consideration therefor, and that he took the note with actual knowledge that Graham was not liable as an indorser thereon, and with notice of the terms of indorsement thereon, and of the agreement between Graham and Irsch.

(12) That Lehman never acquired ownership or title to the note, and that the transaction of Irsch and Lehman was a fraud and device to charge Graham as an indorser, and to violate the terms of the agreement and the decree made pursuant thereto.

(13) That, for the purpose of defrauding Graham, D. Lehman, on August 12, 1896, brought suit in the circuit court of Duval county, Fla., against Graham, as an indorser on the note of James W. Lyman, and obtained judgment thereon on May 14, 1897, for the sum of $8,433.65. This judgment was against Graham on the allegation that he was an indorser and guarantor of the Lyman note. * * *

(16) That since the entry of the judgment in favor of D. Lehman and against Graham in the Circuit Court of Duval county, Fla., Graham has paid and satisfied in full the deficiency decree taken and entered against him by Irsch, and all costs and charges thereunder, and that thereby he has satisfied and paid in full the original note and mortgage given by him to Irsch, and that the judgment in the circuit court of Duval county, Fla., is a second and double charge, claim, or lien against him.

(18) That Graham has requested Lehman to cancel the judgment, and that he refuses to do so, and has sued out writs of garnishment thereon.

(19) It is also alleged that D. Lehman has caused a copy of the judgment which he recovered against Graham to be recorded in the public records of Manatee county, Fla., in which county Graham owns real estate, and that such judgment constitutes an apparent lien and cloud upon Graham's title to lands situated in that county, although he avers that the judgment is not valid or

effective, and has, in fact, been paid. It is also alleged that the original judgment has been destroyed by fire, and that Lehman is prosecuting a suit to re-establish it.

There is a prayer that D. Lehman, his agents and attorneys, be enjoined and restrained from enforcing, or attempting to enforce, or re-establish, the judgment recovered by said D. Lehman against Graham in the circuit court of Duval county, Fla., on May 14, 1897, and that they be enjoined and restrained from suing upon or taking any proceeding under the judgment, or attempting to re-establish the same.

The court made the following order: "It is ordered that the said defendant, D. Lehman, his agents and attorneys, be enjoined and restrained from enforcing or attempting to enforce said judgment recovered by the said D. Lehman against complainant in the circuit court of Duval county, Florida, on May 14, 1897, described in the bill, and from suing upon or taking any proceedings under the said judgment, except the re-establishment of the same, until the further order of this court. It is further ordered that so much of the said motion for such restraining order as seeks to prevent the said defendant, D. Lehman, from re-establishing the record of said judgment in said circuit court of Duval county, Florida, be, and the same is hereby, denied."

The defendant, Lehman, appealed to this court, and assigns the following errors:

"(1) That said order is in violation of section 720 of the Revised Statutes of the United States, in that it enjoins proceedings now pending in the courts of the state of Florida.

"(2) Because the allegations of the bill of complaint do not entitle the complainant to any relief whatever against this defendant.

"(3) Because the allegations of the bill of complaint show that the complainant has been guilty of such laches as to bar him from the relief prayed for in his bill of complaint against this defendant.

"(4) Because the facts set up in the bill of complaint do not constitute any cause of action cognizable in a court of equity and within the jurisdiction of the equity side of the United States Circuit Court, the facts stated in said bill constituting an attempt to review a decision of a common-law court of the state of Florida, contrary to the established practice of courts of equity.

"(5) Because the allegations of the bill of complaint show that all the material facts therein alleged can be pleaded in defense to the suit brought by this defendant against the complainant, John A. Graham, in the state court of the state of Florida, upon the judgment sought to be enjoined, which suit the said complainant by his said bill seeks to enjoin."

C. D. Rinehart and E. P. Axtell, for appellant.

J. C. Cooper (C. M. Cooper and E. J. L'Engle, on the brief), for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge, having made the foregoing statement of the case, delivered the opinion of the court.

This suit is brought by John A. Graham, a citizen of the state of Florida and a resident of the Southern District of Florida, against Francis Irsch, a citizen and resident of the state of New York, and D. Lehman, an alien, a citizen and resident of the Empire of Germany. One of the purposes of the bill is to remove "an apparent lien and cloud" upon lands owned by the complainant, and situated in the district where the suit is brought. The complainant and one of the defendants being citizens of different states, and the other defendant being an alien, and the amount involved being sufficient, the case was within the jurisdiction of the court. Dick v. Foraker, 155 U. S. 404, 411, 15 Sup. Ct. 124, 39 L. Ed. 201, and statutes there cited.

Section 720 of the Revised Statutes of the United States [U. S.

Comp. St. 1901, p. 581], provides that the writ of injunction shall not be granted in any court of the United States to stay proceedings in any state court, except in cases where such injunction is authorized by a proceeding in bankruptcy. The literal application of this statute would have forbidden the issuance of the injunction in this case. But the statute does not, and could not, have literal application. It must be construed so as to harmonize with other statutes and with the Constitution. Sections 716, 718, and 719 of the Revised Statutes of the United States [U. S. Comp. St. 1901, pp. 580, 581] authorize the United States courts and judges to issue the writ of injunction. The Constitution confers on the federal courts jurisdiction in all cases in law and in equity arising under the Constitution, the laws of the United States, or between citizens of different states, and "between a state, or the citizens thereof, and foreign states, citizens or subjects." An injunction to restrain proceedings in a state court is frequently an incident to a case of which the statutory and constitutional jurisdiction of the United States courts is unquestioned. If the federal court has jurisdiction of the case by reason of the citizenship or alienage of the parties, or otherwise, it can grant relief against a judgment of a state court obtained by fraud (or on other equitable grounds) in any case in which relief could be granted if the judgment were rendered by a United States court; and in such case a preliminary injunction may be issued against the defendants to prevent the collection of the judgment by execution or otherwise. Marshall v. Holmes, 141 U. S. 589, 12 Sup. Ct. 62, 35 L. Ed. 870; Dietzsch v. Huidekoper, 103 U. S. 494, 26 L. Ed. 497; Terre Haute & I. R. Co. v. Peoria & P. U. R. Co. (C. C.) 82 Fed. 943; National Surety Co. v. Bank, 120 Fed. 593, 56 C. C. A. 657, 61 L. R. A. 394.

What has been said is sufficient to show that on the averments of the bill section 720 of the Revised Statutes, as construed by the Supreme Court, does not deprive the Circuit Court of the power to issue an injunction in a case like this.

It is also urged on our attention with great earnestness and the citation of many authorities that the jurisdiction invoked in this suit is ancillary and supplemental to the foreclosure suit of Francis Irsch against John A. Graham, and that, this being true, the Circuit Court had jurisdiction, without regard to the citizenship of the parties; and that, having obtained jurisdiction of the parties and the subject-matter before the proceedings in the state court, section 720 of the Revised Statutes of the United States has no application. We do not deem it necessary or advisable to enter on the discussion of that question.

Many questions going to the merits of the case are raised by the assignment of errors and the briefs. We are not disposed to consider and decide them at this stage of the litigation. This is an appeal from an order granting a temporary injunction. Formerly such an order was not reviewable, but was in the absolute discretion of the Circuit Court. The act of March 3, 1891, c. 517, 26 Stat. 826 [U. S. Comp. St. 1901, p. 547], allows an appeal from such a decree, but the act has been uniformly construed that the granting of an injunction pending the suit is in the sound judicial discretion of the circuit court, and that its order will not be disturbed on appeal, unless it is violative of the

rules of equity that have been established for the guidance of its discretion. Kerr v. New Orleans, 126 Fed. 920, 61 C. C. A. 450, and cases there cited. In actual practice the court is often required to pass upon an application for a temporary injunction without an opportunity to make a careful investigation of the case. When the sworn bill presents grave questions of law that should be decided on argument and after careful consideration, and when it appears that injury to the moving party may be immediate and certain, and that no injury will be done the defendant by the order, or such injury that may be fully provided against by bond, it seems a reasonable and proper practice to grant the temporary injunction. City of Newton v. Levis, 79 Fed. 718, 25 C. C. A. 161. When the case comes up later on answer, plea, or demurrer the questions involved can be more carefully examined. The Circuit Court should at least, when the case is not plain, have the power to preserve the present conditions until it can be examined. When this can be done without injury to the defendant, the discretion of the court should not be lightly interfered with. No harm can come from permitting the free exercise of this discretion, especially where no loss can come to the defendant from a short delay. If the defendant chooses, he can always move the court to require a bond to protect him. As the case now stands, there is no pleading except the bill. Many questions have been argued before us that could be more properly raised by plea, answer, or demurrer. If raised in that way in the lower court, and decided according to appellant's contention, the complainant would have a right to amend the bill; but if we should examine these questions, or at least some of them, on this appeal, and sustain the appellant's contention, there would be no opportunity to amend; and, besides, if we adopt the practice of considering every alleged defect of a bill on an appeal like this, this court would be deciding various questions before they were presented to and passed upon by the Circuit Court. We must adhere to our previous decisions on this subject. Kerr v. New Orleans, 126 Fed. 920, 61 C. C. A. 450; Massie v. Buck, 128 Fed. 27, 62 C. C. A. 535; Railroad Commission v. Rosenbaum Grain Co. (C. C. A.) 130 Fed. 110.

The decree of the Circuit Court is affirmed.