TEXAS TRACTION CO. v. BARRON G. COLLIER, Inc.

(Circuit Court of Appeals, Fifth Circuit. April 9, 1912.)

No. 2,327.

**1.** APPEAL AND ERROR (§ 954*)—REVIEW—DISCRETION OF COURT—TEMPORARY INJUNCTION.

An order granting an injunction pendente lite will not be disturbed on an appeal, allowed by section 7 of Act March 3, 1891, c. 517, 26 Stat. 828 (U. S. Comp. St. 1901, p. 550), unless it is violative of the rules of equity, or there has been an abuse of discretion, or the injunction has been improvidently allowed, and where such injunction is dependent on controverted facts, the court on appeal will not interfere.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3818–3821; Dec. Dig. § 954.*]

**2.** APPEAL AND ERROR (§ 1169*)—DISPOSITION OF CAUSE—REVERSAL WITH DIRECTION TO DISMISS BILL.

Where the equity of a bill is challenged on appeal from an injunction, pendente lite, and the appellate court is of the opinion that the bill is without equity or that the lower court was without jurisdiction, a decree for complainant must be reversed with directions to dismiss the bill.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4531–4539; Dec. Dig. § 1169.*]

Appeal from the District Court of the United States for the Northern District of Texas.

Action by Barron G. Collier, Incorporated, against the Texas Traction Company. From an order granting an injunction pendente lite, defendant appeals. Affirmed.

M. B. Templeton, for appellant.

Horace Chilton and Seth Shepard, Jr. (Benjamin Chilton, on the brief), for appellee.

Before PARDEE and SHELBY, Circuit Judges, and MAXEY, District Judge.

SHELBY, Circuit Judge. [1] This is an appeal from an order granting an injunction pendente lite. Formerly, the granting of such order was in the absolute discretion of the primary court; no appeal being allowed. The Act of March 3, 1891, allows an appeal from such decree. 26 Stat. 826. Since this act was passed, its uniform construction has been that the granting of an injunction pending the suit is in the sound discretion of the trial court, and that its order will not be disturbed on appeal unless it is violative of the rules of equity, or unless there has been an abuse of discretion, or unless the injunction has been improvidently allowed. The appellate court is not to decide as to what it would have done as to allowing the injunction, but it must recognize that the law has imposed on the primary court the responsibility of the exercise of this power, and unless there has been a plain disregard of the law or of some settled rule of equity which should govern the issuance of injunctions so that it appears clearly that the injunction is issued improvidently, the decree should not be reversed. Kerr v. City of New Orleans, 126 Fed. 920, 924, 61 C. C. A. 450; Lehman v. Graham, 135 Fed. 39, 67 C. C. A. 513; Massie v. Buck, 128 Fed. 27, 62 C. C. A. 535; Clark v. McGhee, 87 Fed. 789, 31 C. C. A. 321; Love v. Atchison, T. & S. F. Ry. Co., 185 Fed. 321, 107 C. C. A. 403.

[2] Where the equity of the bill is challenged and the appellate court is of the opinion that the bill is without equity, the decree would be reversed, with directions to dismiss the bill (Smith v. Vulcan Iron Works, 165 U. S. 518, 17 Sup. Ct. 407, 41 L. Ed. 810); and the same result would follow if it appeared that the lower court was without jurisdiction (Arkansas Southeastern R. Co. v. Union Sawmill Co., 154 Fed. 304, 83 C. C. A. 224). In a case like the one at bar, dependent on controverted facts, it was not intended that the discretion of the primary court was to be interfered with on appeal and the case finally disposed of on ex parte affidavits.

Affirmed.