## CITY OF KANKAKEE v. AMERICAN WATER SUPPLY CO.

(Circuit Court of Appeals, Seventh Circuit. April 23, 1912.)

No. 1,862.

1. COURTS (§ 489*)—JURISDICTION OF FEDERAL COURTS—REMEDY IN STATE COURT.

Hurd's Rev. St. Ill. 1909, c. 24, § 267f, after authorizing city councils, by ordinance, to fix maximum water rates, provides that, in case the corporate authorities fix unjust and unreasonable charges, the same may be reviewed and determined by the circuit court of the county in which the city is located. *Held* that such section, in so far as it attempted to confer powers on the courts to review the reasonableness of rates so fixed, was in violation of Const. Ill. art. 3, relative to the distribution of powers of government, that the legislative function of rate-making ended in the city council; and hence, alleged confiscatory rates having been adopted by a city ordinance, the water company, subject thereto, was not bound to apply to the local court for review before instituting injunction

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

proceedings in a federal court of concurrent jurisdiction to restrain the enforcement of the ordinance, on the ground that it amounted to a taking of its property without due process of law.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1324–1341, 1372–1375; Dec. Dig. § 489.*

Conflict of jurisdiction of federal courts with state courts, see note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.]

2. WATERS AND WATER COURSES (§ 203*)—WATER RATES—RIGHT TO RELIEF—REVIEW BY COURTS.

Where complainant water company claimed that a city ordinance fixing water rates was confiscatory, and, if enforced, would constitute a taking of complainants' property without due process of law, it was not bound to delay injunction proceedings until the ordinance had been in fact carried into effect and its confiscatory character demonstrated by actual operation, but was entitled to sue at once, assuming the burden of proving that the operation of the ordinance would necessarily be so confiscatory as to violate the federal Constitution.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 290–299; Dec. Dig. § 203.*]

3. INJUNCTION (§ 151*)—TEMPORARY INJUNCTION—TRIAL.

A full trial on the merits is not required on the hearing of an application for a temporary injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 336; Dec. Dig. § 151.*]

4. APPEAL AND ERROR (§ 954*)—INJUNCTION (§ 135*)—REVIEW—MATTERS OF DISCRETION—ISSUANCE OF TEMPORARY INJUNCTION.

Issuance of a temporary injunction is largely within the discretion of the trial court, the exercise of which will not be reversed unless a clear abuse of discretion appears.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3818–3821; Dec. Dig. § 954;* Injunction, Cent. Dig. § 303; Dec. Dig. § 135.*]

5. INJUNCTION (§ 144*)—ISSUANCE—VERIFIED BILL.

Where a water company filed a verified bill for an injunction restraining the enforcement of an alleged confiscatory ordinance fixing water rates, and there was no claim that the bill did not state facts sufficient to constitute a cause of action, the city having made no countershowing, it was not an abuse of the trial court's discretion to issue a temporary injunction on the verified bill without supporting affidavits.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 316, 317, 321; Dec. Dig. § 144.*]

Appeal from the Circuit Court of the United States for the Eastern District of Illinois.

Suit by the American Water Supply Company against the City of Kankakee. From an order granting an injunction pendente lite, defendant appeals. Affirmed.

W. H. Dyer, Frank Lindley, and Walter C. Lindley, for appellant.

W. R. Hunter, for appellee.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

BAKER, Circuit Judge. Three reasons are advanced why the pendente lite injunctional order in this suit by the Water Company to restrain the city from enforcing its water rates ordinance of March 20, 1911, is erroneous.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] 1. Because a judicial inquiry could not be entertained until the Water Company had first exhausted its remedy of legislative review in the circuit court of the county.

Section 267f, c. 24, Hurd's Ill. R. S., after authorizing city councils to fix by ordinance maximum water rates, provides:

"And in case the corporate authorities of any such city, town or village shall fix unjust and unreasonable charges, the same may be reviewed and determined by the circuit-court of the county in which such city, town or village may be."

No decision of the Illinois Supreme Court has been called to our attention, or been found by us, that holds that the Legislature by the foregoing provision intended, or had the power if it had the intent, to delegate to the circuit courts of the counties the legislative function of fixing rates. In Freeport Water Co. v. Freeport City, 180 U. S. 587, 601, 21 Sup. Ct. 493, 499, 45 L. Ed. 679, the Supreme Court of the United States, noting that the Illinois Supreme Court had referred to this provision, "but not in such a way that it can be confidently said that the power given to the circuit court was only to review the rates fixed by the city council and to determine them to be reasonable or unreasonable, or whether the court could go farther and fix rates," observed that "the former seems a natural construction."

Though what powers a State may choose to vest in its courts is not a federal question, and though the federal courts are bound in that respect to accept the State Supreme Court's interpretations of the State Constitution and statutes, we will not assume that the Illinois Supreme Court, in view of article 3 of the Illinois Constitution relative to the "distribution of powers," would uphold the provision in question as conferring legislative powers upon courts.

Our own judgment is that the legislative function of rate-making ended in the city council, and that appellee, a citizen of Maine, had the right to seek in the local court or in the federal court of concurrent jurisdiction a judicial investigation of the question whether its property was being taken without due process.

[2] 2. Because this suit was prematurely brought. Before the ordinance went into effect, the bill was filed and the injunctional order issued. Would the ordinance, if obeyed, prove to be confiscatory, is the question presented by the bill; and the city's contention is that no affirmative answer can be given unless actual operations under the ordinance shall furnish a demonstration. Knoxville v. Water Co., 212 U. S. 1, 29 Sup. Ct. 148, 53 L. Ed. 371, is cited as a precedent for the contention and as requiring a dismissal of the bill without prejudice. But the Knoxville Case was decided on issues joined and on a full consideration of the evidence adduced. Neither it nor any other precedent with which we are familiar rules that an owner is bound to stand by and see his property consumed in an experiment; that his only remedy is an action for damages; that he has no standing in advance of the taking to ask a court of equity for protection from confiscation. But, as pointed out in the Knoxville Case, in so asking he assumes a very heavy

burden. "If a company of this kind chooses to decline to observe an ordinance of this nature and prefers rather to go into court with the claim that the ordinance is unconstitutional, it must be prepared to show to the satisfaction of the court that the ordinance would necessarily be so confiscatory in its effect as to violate the Constitution of the United States."

[3-5] 3. Because the facts did not warrant the issuance of the temporary injunction. No affidavits were offered by either side. Each was content to rest the application on the averments of the verified bill. It is not pretended that the bill fails to state facts sufficient to constitute a cause of action. Assaults go rather to the point that general allegations of fact, proper in a pleading, were not supported by specific facts which would be proper in evidence. But a full trial of the merits is not required on a hearing of an application for a preliminary injunction. Issuance of such a writ is largely within the discretion of the trial court. On review a reversal is not permissible unless a clear abuse of discretion appears. Here, if an unconstitutional ordinance were allowed to go into effect, the Water Company might have grave difficulty in recovering its confiscated earnings from numerous and perhaps irresponsible consumers. On the other hand, if a constitutional ordinance is being wrongfully suspended, the Water Company could be made to restore its excessive charges; and, if there is any doubt of it, certainty can be had at any time by the court's requiring a bond or a deposit from the Water Company. In this situation, and considering that the city offered no countershowing whatever, we cannot say that the court abused its discretion in accepting the verified allegations of a good bill as a sufficient foundation for the preliminary injunction.

The order is affirmed.