SOUTHERN EXPRESS CO. v. LONG et al.

(Circuit Court of Appeals, Fifth Circuit. February 4, 1913.)

No. 2,457.

1. APPEAL AND ERROR (§ 954*)—PRELIMINARY INJUNCTION—DISCRETION—DIS-
SOLUTION.

While the granting of a preliminary injunction in the exercise of discretion will not be disturbed on appeal, unless it is violative of the rules of equity, yet it will be set aside, if the appellate court is of the opinion

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the complainant was not entitled to an injunction, because the bill was without equity.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3818–3821; Dec. Dig. § 954.*]

2. COMMERCE (§ 89*)—SHIPMENTS OF LIQUORS—INJUNCTION—NECESSITY OF ACTION BY COMMISSION.

Where a bill to restrain an express company from transporting intrastate shipments of liquor in Georgia was based on the theory that such shipments were illegal in toto, as violative of the prohibition law of the state, and did not involve any question of regulation of rates, it was immaterial that the District Court had no jurisdiction to pass on a question of difference in rates applicable to such shipments and interstate shipments until the Interstate Commerce Commission had passed on it.

[Ed. Note.—For other cases, see Commerce, Dec. Dig. § 89.*

Regulations as to transportation of property as interference with interstate commerce, see note to Rupert v. United States, 104 C. C. A. 259.]

3. INTOXICATING LIQUORS (§ 261*)—INJUNCTION—TRANSPORTATION OF LIQUORS—STATE PROHIBITORY LAW—INJUNCTION.

Where the state of Georgia had practically repealed its prohibitory law by nonenforcement, there was no equity in a bill by citizens of another state to restrain an express company from transporting intrastate shipments of liquor in Georgia.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 400, 401; Dec. Dig. § 261.*]

4. INTOXICATING LIQUORS (§ 261*)—INJUNCTION—PROHIBITION LAWS—AIDING VIOLATION.

The transportation of liquors in Georgia by a common carrier not being an offense, an injunction restraining an express company from transporting intrastate shipments of liquor in that state, which merely aids others in violating the prohibition law, could not be sustained as within the court's jurisdiction to enjoin the commission of a crime, where such commission involves the destruction of a private right, in that plaintiffs, who were nonresidents, and were entitled to ship liquor into Georgia in interstate commerce, could not compete with those who illegally sold and shipped the liquor within the state.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 400, 401; Dec. Dig. § 261.*]

5. NUISANCE (§ 72*)—PUBLIC NUISANCE—INJUNCTION.

Equity will not interfere by injunction to restrain a public nuisance, except in cases of special and serious injury to the complainant, distinct from that suffered by the public.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 164–169; Dec. Dig. § 72.*]

6. INTOXICATING LIQUORS (§ 261*)—INJUNCTION—PUBLIC NUISANCE.

Where residents of Georgia made illegal sales of liquor in violation of the prohibitory law in that state, and were aided in so doing by defendant express company, which carried the liquor from consignor to consignee, and complainants, who were residents of Florida, legally sold liquor in Georgia in interstate commerce, but could not compete with the illegal intrastate sales so made, a bill by complainants to restrain defendant express company from accepting and transporting liquor within the state, failing to allege any of the parties to such illegal shipments or sales, was unsustainable as a bill to enjoin a nuisance.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 400, 401; Dec. Dig. § 261.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

7. APPEAL AND ERROR (§ 1178*)—REVERSAL—REMAND.

> Where a decree granting a preliminary injunction was reversed on appeal, because the complaint did not state facts authorizing equitable relief, the suit would not be dismissed, but would be remanded with leave to amend.
>
> [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4604–4620; Dec. Dig. § 1178.*]

Appeal from the District Court of the United States for the Southern District of Florida; John M. Cheney, Judge.

Action by D. F. Long and others against the Southern Express Company. Decree (201 Fed. 441) for complainants, and defendant appeals. Reversed, injunction dissolved, and remanded.

Robert C. Alston and Philip H. Alston, of Atlanta, Ga., W. R. Kay, of Jacksonville, Fla., and A. A. Lawrence, of Savannah, Ga. (Wm. W. Osborne, of Savannah, Ga., on the brief), for appellant.

Alexander Akerman, Charles Akerman, and Roland Ellis, all of Macon, Ga. (Richard C. Jordan, of Macon, Ga., R. P. Marks, of Jacksonville, Fla., and John A. McManus, of Macon, Ga., on the brief), for appellees.

Before PARDEE and SHELBY, Circuit Judges, and NEWMAN, District Judge.

SHELBY, Circuit Judge. This is a bill in equity by D. F. Long and 16 others, residents of and in business in the Southern district of Florida, and, for purposes of jurisdiction, all citizens of Florida, against the Southern Express Company, a corporation organized under the laws of Georgia, in business as a common carrier in Georgia and in the Southern district of Florida.

The District Court granted an injunction pendente lite, and this appeal was taken under section 7 of the act of March 3, 1891 (26 Stat. 828, c. 517 [U. S. Comp. St. 1901, p. 550]).

[1] The appellee cites the decisions of this court to the effect that the granting of a preliminary injunction is in the sound discretion of the District Court, and that it will not be disturbed on appeal, unless it is violative of the rules of equity that have been established for the guidance of its discretion. Texas Traction Co. v. Barron G. Collier, Inc., 195 Fed. 65, 115 C. C. A. 82. While that rule is well established, it is also held that if, on such appeal, the appellate court is of the opinion that the plaintiff was not entitled to an injunction, because the bill was without equity, it would not only reverse the decree, but save both parties from the expense of further litigation by a final disposition of the case. Smith v. Vulcan Iron Works, 165 U. S. 518, 17 Sup. Ct. 407, 41 L. Ed. 810; Arkansas Southeastern R. Co. v. Union Sawmill Co., 154 Fed. 304, 83 C. C. A. 224.

The material averments of the bill are, in substance, as follows: That, prior to the 6th day of August, 1907, the plaintiffs were engaged in the state of Georgia in the business of buying and selling whiskies, brandies, wines, and other intoxicating liquors, and that, on that day, by an act of the General Assembly of the state of Georgia,

the manufacture and sale of any alcoholic, spirituous, malt, or other intoxicating liquors was entirely prohibited within the state of Georgia; that thereupon the plaintiffs closed their business in the state of Georgia, and moved to the Southern district of Florida, and engaged there in the business of selling liquors, and particularly in receiving orders from, and shipping liquors to, their customers throughout the state of Georgia; that thereafter divers persons, the names of whom are unknown to plaintiffs, unlawfully and in defiance of the said Georgia statute, engaged in the liquor business at Savannah, Augusta, Columbus, and at other places in the state of Georgia, and entered into active competition with plaintiffs for the liquor business in Georgia; that, by the custom of the mail order business, the seller pays the express charges and adds the same to the cost price of the liquors sold; that the average minimum express charge fixed by the Southern Express Company on any quantity of liquors shipped from Jacksonville, Fla., to any place in the state of Georgia, is the sum of 50 cents, with an increasing price according to quantity, and the minimum price of express charges charged by that company on liquor shipments from Savannah, Augusta, or Columbus, to other places within the state of Georgia, is the sum of 25 cents, with an increasing price according to quantity; that the defendant company, conspiring with said illegal dealers at Savannah, Augusta, Columbus, and other places in Georgia, is daily engaged in receiving shipments of liquors from said dealers, consigned to various purchasers in the state of Georgia at said reduced rates, and thereby aids said illegal liquor dealers in an unfair and illegitimate competition with the plaintiffs, and that it is impossible for plaintiffs to pay the higher rates and compete with said dealers, and that the defendant company is aiding and abetting in the open and flagrant violation of the laws of the state of Georgia, and is, therefore, equally guilty with the principals; that this action of the defendant company causes a loss to each of the plaintiffs in excess of the sum of $3,000; that they have no remedy at law, and that the injury causes irreparable damage

The prayer for specific relief is as follows:

"That the respondent, the Southern Express Company, by an appropriate decree of this court, be permanently enjoined from receiving and transporting, for any consideration whatever, intoxicating liquors of any class or kind from any person or persons engaged in the liquor business within the state of Georgia to persons resident within the state of Georgia."

The cause came on to be heard on the application of the plaintiffs for an injunction restraining the defendant, as prayed for in the bill, and thereupon the court entered an order as follows:

"That the defendant. Southern Express Company, be, and it is hereby, restrained and enjoined, until the further order of this court, from receiving and transporting, for any consideration whatever, intoxicating liquors of any class or kind from any person or persons engaged in the liquor business within the state of Georgia to persons resident within the state of Georgia."

The Southern Express Company appealed, and assigns, with specifications, that the court erred in making this order.

202 F.—30

[2] As to the allegations that the defendant company was carrying intrastate shipments of liquors at lower rates than those charged for interstate shipments from Jacksonville, Fla., to points in Georgia: It is urged by the appellant that this averment cannot be looked to as giving the bill equity, because the District Court had no jurisdiction to pass on the question of rates till the Interstate Commerce Commission had passed on them. Balt. & Ohio R. R. v. Pitcairn Coal Co., 215 U. S. 481, 30 Sup. Ct. 164, 54 L. Ed. 292. But we find it wholly unnecessary to consider this question, as the bill does not seek to have the rates changed, nor does the decree appealed from relate to an equalization of rates. The bill seeks to permanently enjoin the defendant company from receiving and transporting liquors for persons engaged in the liquor business in Georgia to persons resident within Georgia "for any consideration whatever." The decree is to that effect. No question of the regulation of rates is involved, and the averment as to rates cannot be looked to to uphold the decree.

[3] The foundation of the bill is the alleged violations of the prohibition laws of Georgia. The manufacture or sale of intoxicating liquors is prohibited in that state (2 Georgia Code 1910, § 426); and a violation of the statute is made a misdemeanor (Id. § 432). If these statutes did not exist, the plaintiffs would have no cause of complaint, and there would be no color of reason for the process of injunction. If the court, on final decree, were to grant a permanent injunction in the terms of the order appealed from, and the Georgia prohibition statutes were to be repealed, no possible reason would then exist for forbidding a common carrier to transport liquors from one point in Georgia to another. Taking the bill as true, it shows that Georgia has chosen to practically repeal these laws by nonenforcement. Can the citizens of Florida, whether liquor sellers or not, make Georgia's failure, to enforce these statutes the basis of a bill in equity?

[4] The contention on behalf of the appellees is that the court has the right to enjoin the commission of a crime, where the commission of the crime involves the destruction of a private right. It is true that, if a plaintiff shows proper grounds for jurisdiction in equity and a proper case for relief by injunction, that relief will not be refused because the injunction will restrain an injurious act, which is also a crime. But the only injunction specifically asked for and granted is one restraining the defendant company as a common carrier from transporting liquors in Georgia. The act enjoined is not criminal under any statute of the state of Georgia to which our attention is called. All that can be said is that it is an act, according to the averments, that aids others in violating the prohibition laws.

[5] Another view is presented to sustain the decree. It is alleged, in substance, that unknown persons are shipping intoxicating liquors from one point to another in Georgia, consigned to unknown persons, and that the defendant company is the carrier transporting these liquors, and "is thereby equally guilty with the principals." It is averred that these shipments are made by "illegitimate and unlawful dealers." The argument is that the business described creates a nuisance,

and that equity, on the facts alleged, has jurisdiction to enjoin and abate it.

If the averments of the bill charge a nuisance, it is a public nuisance, because it is one caused by acts done in violation of law. Hinchman v. Paterson Horse Railroad Co., 17 N. J. Eq. 75, 86 Am. Dec. 252; 1 Wood on Nuisances, § 14. But a public nuisance may be said to partake also of the nature of a private nuisance when it causes injury to private rights. 1 Wood on Nuisances, § 16. A public nuisance is the subject of criminal jurisdiction, and the ordinary and regular way to abate it and to punish those who caused it is by indictment or information. If any one has suffered special damage, he may maintain an action at law for the damage. And where the circumstances of the case are such that the remedy at law would not be adequate, the person injured may maintain a bill in equity. Georgetown v. Alexandria Canal Co., 12 Pet. 91, 9 L. Ed. 1012; Irwin v. Dixion et al., 9 How. 10, 13 L. Ed. 25. But equity will not interfere by injunction, except in cases of special and serious injury to the plaintiff, distinct from that suffered by the public (Hinchman v. Paterson Horse Railroad Co., supra); and, to authorize interference, the injury must be direct and material (Morris & Essex Railroad Co. v. Prudden, 20 N. J. Eq. 530). In such cases the jurisdiction exists, but great caution should be observed, before granting the writ, to see that the facts are such as to authorize the process; for, as Chancellor Kent said, when asked to enjoin an alleged criminal act:

The jurisdiction to enjoin "is the strong arm of the court; and, to render its operation benign and useful, it must be exercised with great discretion, and when necessity requires it." Attorney General v. Utica Insurance Co., 2 Johns. Ch. 371, 378.

[6] The bill, we think, is not one that can be sustained as a suit to enjoin a nuisance. The act of the express company which is enjoined is not a nuisance. If it is meant that the sales at the points in Georgia to which the liquors are shipped constitute a nuisance, then the allegations should be more specific as to persons and places. It is true that the statement is made that the dealers are unknown to the plaintiffs. But the theory of the bill is that the plaintiffs are damaged by illegal sales to persons who would otherwise buy from them; and it is argued that the illegal business is so conducted as to create a nuisance. It is, therefore, inconceivable that the persons, whether consignors or consignees, or at least some of them, responsible for the alleged business, could not be ascertained by the plaintiffs, and made defendants. Their business, whatever it is, would be stopped, if relief were granted on the theory of the abatement of a nuisance. They are certainly entitled to an opportunity to defend. It is not just that a business or place of business should be adjudged a nuisance, without giving the occupants or the persons carrying on the business an opportunity to be heard.

Houses of ill fame, gaming houses, and illegal liquor stores are public nuisances at common law. But we do not think that a common carrier, as a sole defendant, even at the suit of one damaged by the nuisance, should be enjoined from carrying food and furniture or sup-

plies intended to be used in houses alleged to belong to that class. To abate or to enjoin such nuisances, proceedings criminal or civil should be directed by distinct and clear allegations towards the house and its occupants, those committing the nuisance, the immediate and direct violators of the law. Occupants of a house, or conductors of a business, should not be branded as criminals without an opportunity to defend. Yet this would be effected if the suit omits the parties directly involved and proceeds against one only remotely or indirectly connected with the nuisance.

Private parties have no standing in court to abate or enjoin a public nuisance, unless their property rights are certainly affected by it. Here we have 17 liquor dealers in business in Jacksonville, Fla., who seek to permanently enjoin the defendant express company from carrying packages of liquor in Georgia, alleged to be shipped illegally, and the only averment tending to show injury to property interests is, in effect, that the persons to whom the liquors are illegally sold would be buyers from plaintiffs, if the illegal shipments are enjoined. When it is considered that no names are given of shippers or buyers, or of plaintiffs' former customers, and that it is not stated that they have the same customers, the interest of the plaintiffs, as asserted, is too remote, and the averments too vague and general, to show with the requisite certainty pecuniary interest and damage, and whether such interest and damage is several to each plaintiff or joint. Stufflebeam v. Montgomery, 3 Idaho (Hasb.) 20, 26 Pac. 125; Hinchman v. Paterson Horse Railroad Co., supra; Hudson v. Maddison, 12 Simons, 416.

The mere transporting of the liquors, standing alone, is certainly not a nuisance. Conceding that the averments are sufficient to show that the express company is carrying liquors to points where the sale or use of them makes a nuisance, would such sale or use be any less a nuisance if the plaintiffs sent the liquors to the same places to be so used or sold? And that is what they seek to do. There is at least nothing to show that there would be any difference, whether the liquors were furnished by the unknown persons or by the plaintiffs. The only difference is that the plaintiffs have the legal right to make shipments from Florida, and the unknown persons, it is claimed, have not the right to ship them within Georgia. But, if a nuisance is created by the use of the liquors, the effect of the carrier's action would be the same.

[7] We are of the opinion that the bill is without equity. We would make the order here dismissing the bill, except that we are reluctant to cut off the right to offer amendments. We do not see how the bill can be amended within the jurisdiction of the District Court and within its jurisdiction in equity; but the right to amend is liberally administered, and probably we should not now bar the right.

The decree is reversed, the injunction dissolved, and the cause remanded for further proceedings conforming to this opinion.