CRESCENT SPECIALTY CO. v. NATIONAL FIREWORKS DIS-
TRIBUTING CO.

(Circuit Court of Appeals, Sixth Circuit. January 15, 1915.)

No. 2710.

1. APPEAL AND ERROR ☞954—REVIEW—ORDER GRANTING PRELIMINARY IN-
JUNCTION.

On appeal from an order granting or refusing a preliminary injunction,
the single question is whether the action complained of was clearly an im-
provident exercise of discretion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3818–
3821; Dec. Dig. ☞954.]

2. PATENTS ☞297, 298—SUITS FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

There is no inflexible rule that a preliminary injunction should not be
granted restraining infringement of an unadjudicated patent, nor need
infringement be shown beyond reasonable doubt; but where complain-
ant's title is clear, and the record shows a fair probability that the patent
is valid, and there is a sufficient showing of public acquiescence therein,
and that infringement exists, the same considerations relating to the ex-
ercise of discretion in issuing injunctions in equity causes generally per-
tain in patent causes.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 478, 481–488;
Dec. Dig. ☞297, 298.]

3. PATENTS ☞303—VALIDITY AND INFRINGEMENT—TOY PISTOL.

The granting of a preliminary injunction against infringement of the
Wertz patent, No. 926,308, and the Clark patent, No. 991,956, each for a
toy pistol, held within the discretion of the court.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 496–498, 502,
503; Dec. Dig. ☞303.]

Appeal from the District Court of the United States for the North-
ern District of Ohio; John H. Clarke, Judge.

Suit in equity by the National Fireworks Distributing Company
against the Crescent Specialty Company. From an order granting a
preliminary injunction, defendant appeals. Affirmed.

H. A. Toulmin, of Dayton, Ohio, for appellant.

Nathan Heard, of Boston, Mass., for appellee.

Before KNAPPEN and DENISON, Circuit Judges, and KILLITS,
District Judge.

KNAPPEN, Circuit Judge. This is an appeal from an order of the
District Court granting a preliminary injunction against infringement
of the Wertz patent (No. 926,308, June 29, 1909) and the Clark patent
(No. 991,956, May 9, 1911). Both patents relate to toy pistols. All
of the pistols here involved are of the magazine type, by which a tape
carrying patches of fulminating material at intervals on its surface
is automatically fed to the anvil through a movement of the trigger.
According to both the Wertz and Clark patents, the tape, which, in
the form of a roll, is mounted upon a pin in the hollow handle of the
pistol, is held in place by a spring attached to the lower wall of the
handle; the drawing back of the hammer causing another spring,
which lies in the handle below the tape-holding spring, to feed the tape

to the anvil, formed by the upper end of the removable back of the pistol. Infringement is denied, as well as the validity of each of the patents sued upon, in view of the prior art.

[1] Upon appeal from an order granting or refusing preliminary injunction, the single question is whether the action complained of was clearly an improvident exercise of discretion on the part of the court whose action is assailed; the rule being that the order should not be disturbed unless it clearly appears that the court below has exercised its discretion upon a wholly erroneous conception of pertinent facts or law. We cite in the margin several of our decisions declaring this rule.[1]

Claim 6 of the Wertz patent, which is the only claim involved here, is given in the margin.[2] The validity of the Wertz patent, upon the record presented here, depends largely upon which of the two conflicting theories of the respective parties, as to what was the prominent or novel feature of the combination disclosed, is the correct one. The drawings show a hammer integral with the trigger, and defendant insists that that is the only feature of the combination which it can plausibly be thought gave inventive novelty to the claim. Plaintiff contends that the prominent element resides in the tape-holding and tape-feeding springs, which, in the form used, are so disposed as to prevent back-firing when the explosion occurs, and consequent injury to the operator. The District Judge was plainly of opinion that the magazine and springs so feeding and regulating the ammunition tape constituted essential and valuable features of the invention. This conclusion seems amply sustained by the record, for the specification states that:

"The spring *14* performs a very important function, as it retains the tape in its proper position along the back *4* and prevents the tape from slipping rearwardly down into the magazine or handle of the pistol when the feed spring *17* works down for feeding the tape in the path of the hammer. It also prevents the back fire from the exploding cap from flashing back and exploding the rest of the ammunition or tape."

Adopting this conclusion of the District Judge, as we must upon this record and for the purposes of this hearing, we think the state of the art does not show the claim invalid. The prior patents relied upon are Crump (No. 370,378, September 27, 1887), Rightmyer (No. 624,543, May 9, 1899), and Troxler (No. 707,036, August 12, 1902). Neither of these patents shows what seems from the evidence the retaining spring and feeding spring of Wertz. The magazine in each of the three patents mentioned is shown in the chamber or barrel in front of the hammer, instead of in the handle, and the feeding and retaining device

[1] Duplex Printing Press Co. v. Campbell Printing Press & M. Co., 69 Fed. 250, 252, 16 C. C. A. 220; Shelbyville v. Glover, 184 Fed. 234, 238, 106 C. C. A. 376; Grand Rapids v. Warren Bros. Co., 196 Fed. 892, 894, 116 C. C. A. 454; Acme Acetylene Co. v. Commercial Acetylene Co., 192 Fed. 321, 323, 112 C. C. A. 573; Louisville & N. Ry. Co. v. Western Union Tel. Co., 207 Fed. 1, 4, 124 C. C. A. 573.

[2] "6. A toy pistol comprising a magazine adapted to receive an explosive tape therein, a spring for guiding the tape, a trigger, a hammer on the trigger and a spring on the hammer adapted to engage the tape for feeding it in the path of the hammer as the hammer is actuated preparatory to striking the tape."

does not appear to be the equivalent of the Wertz device; nor is it apparent that they furnish substantial security against the danger of explosion from back-firing.

Assuming that each of the elements of the claim in question other than the Wertz tape-holding and tape-feeding springs were old when the Wertz patent issued, the claim is nevertheless valid, provided by the use of these springs a new result is accomplished or a better result accomplished in a distinctively new way; and the evidence fairly indicates that the Wertz invention has accomplished a new and better result by practically eliminating danger from back-firing, at least when proper ammunition is used.

The Clark patent seems to be the result of improvements made upon the Wertz device by plaintiff's president, after the purchase by plaintiff of the Wertz patent. The Clark device retains both the tape-holding and tape-feeding springs of the Wertz device, differing from the latter, in the respect most material here, that, instead of having the hammer and trigger integral, those elements are separate. The single claim of the Clark patent is printed in the margin.[3] None of the pistols presented as evidence of prior use contain, so far as shown, the tape-holding and tape-feeding springs of Wertz and Clark or their equivalent.

[2] What has been said regarding the prior art as affecting the validity of the Wertz patent has more or less pertinency to the Clark patent. It is urged, however, that preliminary injunction should not issue in the absence of adjudication of the validity of the patent sued on. No such hard and fast rule pertains in this court; nor is it imperative that infringement be shown beyond a reasonable doubt. Where plaintiff's title to a patent is clear (as is the case here), and the record shows a fair probability that the patents are valid, and there is a sufficient showing of public acquiescence therein, and that infringement exists, the same considerations relating to the exercise of discretion in issuing injunctions in patent causes pertain as in equity causes generally; that is to say, injunction should be granted or withheld according as, upon a balancing of convenience and inconvenience, seems necessary to the protection of the rights of the parties. Blount v. Société Anonyme du Filtre Chamberland Système Pasteur, 53 Fed. 98, 101, 3 C. C. A. 455; Grand Rapids v. Warren Bros. Co., supra. We think a substantial showing of acquiescence on the part of the public in the

---

[3] "A toy pistol comprising a casing, an anvil at the upper end of said casing, a support for a roll of fulminate strip at the lower end of said casing beneath said anvil, enabling the strip to pass in a direct course from the roll over the anvil, a strip-holding flat spring engaging the strip near the anvil to prevent retrograde movement thereof, a hammer pivoted in the casing, provided with a side beveled shoulder, a spring actuating the hammer against the anvil to explode the fulminate, a flat feeding spring carried by the hammer with its edge in engagement with the fulminate strip and acting upon the cocking movement of the hammer to feed the strip over the anvil, a trigger pivoted in the casing and provided with a head co-operating with the said shoulder, and a spring to retract the trigger whereby when the trigger is pressed its head will engage the said projection, cock the hammer, and passing therefrom release the hammer, and then when itself released will return to normal position."

case of both the Wertz and Clark patents is shown. Plaintiff's pistol, manufactured under the Wertz patent, had been on the market for about five years, and its manufacture under the Clark patent about three years, when defendant began its alleged infringement. During that time, so far as shown by the record, no other manufacturer has employed the tape-holding and tape-feeding spring devices of the Wertz and Clark structures. This acquiescence is a proper element entering into the exercise of judicial discretion with respect to the issue of preliminary injunction.

If the District Judge took the proper view of the validity of the two patents involved, there was room to find infringement. While defendant claims to have manufactured under the Bean patent (No. 1,098,215, May 26, 1914), it does not appear to employ the tape-retaining and tape-feeding springs of Bean. It does, however, use the precise flat springs commercially used by plaintiff, and which seem within the disclosures of plaintiff's patents; for while the Wertz patent does not describe the two springs in question as flat, the Clark patent does specifically so describe them. True, defendant's hammer is not integral with the trigger, while the Wertz hammer is; but we think the claim in question is not necessarily limited to a trigger integral with the hammer, especially as the record indicates that it was old to form the hammer and trigger in one piece. Indeed, the examiner so declared in connection with the history of the Wertz patent. This being so, infringement is not avoided by making the hammer and trigger separate from each other. It is true, also, that defendant's hammer and trigger differ from that of Clark, in that the latter has a beveled shoulder from which the trigger extension slides by way of releasing the hammer, effecting what is called a "wobbling movement," while defendant employs a wire trigger projecting below the guard, the resiliency of the wire aiding the trigger in slipping past the hammer; but, so far as appears from this record, these changes are not necessarily controlling, for there seems a reasonable probability that they may ultimately be found to represent substantial equivalents.

A number of considerations were properly addressed to the court's discretion, including an alleged cutting of price by defendant and the sale by it of inferior ammunition, which facts, if established, might materially affect plaintiff's toy pistol trade. The public favor with which the Wertz and Clark pistols have been received has a bearing upon the question of invention, when otherwise in doubt.

[3] Complaint is made that the injury to defendant from the issue of injunction is disproportioned to the injury plaintiff would suffer from its denial. But in view of the showing as to the extent of plaintiff's business, and the lack of as definite showing of defendant's loss as might be desired, we cannot say that the District Court, taking the entire case into account, improvidently exercised a discretion in favor of injunction.

It is also complained that the court refused to require of plaintiff a bond for stipulated damages, according to the practice recognized in Grand Rapids v. Warren Bros. Co., supra. This question was likewise addressed to the discretion of the District Judge; and the case presented fails to show that the discretion was improvidently exercised.

It should be unnecessary to say that we are not deciding the ultimate rights of the parties as they may be developed on final hearing, and perhaps on fuller testimony.

It results from these views that the order complained of should be affirmed, with costs. The affirmance will be without prejudice to such further application, if any, as defendant may be advised to make, upon proper and sufficient showing, for reconsideration of the order complained of with reference to the matter of bonds by the respective parties, which would probably be within the competency of the court without the reservation stated.