LAYNE et al. v. GETTY.

(Circuit Court of Appeals, Fifth Circuit. April 20, 1915.)

No. 2760.

PATENTS ⬬298—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

Where ex parte affidavits filed by complainant in an infringement suit in support of a motion for a preliminary injunction leave the question of infringement in doubt, although the patent has been adjudged valid, it is within the discretion of the court to deny the injunction.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 478; Dec. Dig. ⬬298.

Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

Appeal from the District Court of the United States for the Western District of Louisiana; Aleck Boarman, Judge.

Suit in equity by Mahlon E. Layne and others against Fred I. Getty. From an order refusing a preliminary injunction, complainants appeal. Affirmed.

Coke K. Burns, of Houston, Tex., J. D. Wilkinson, of Shreveport, La., and Paul Synnestvedt, of Philadelphia, Pa., for appellants.

Edgar H. Farrar, of New Orleans, La., and Francis M. Phelps, of Washington, D. C., for appellee.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. Bill was filed by the appellants, in the court below, charging infringement of letters patent No. 821,653, and praying an injunction and for profits and damages. A hearing was had upon the motion for a preliminary injunction, based upon ex parte affidavits, and the injunction was refused. To review this order the appellants have brought the case to this court.

Claim 20, sustained as valid by this court in Van Ness v. Layne, 213 Fed. 804, 130 C. C. A. 462, is the only claim of the patent involved in the present controversy. As before stated, the hearing before the District Judge was had upon mere ex parte affidavits. Appellee denied that his improvement infringed claim 20 of appellants' patent, and it is apparent from an examination of the contradictory affidavits that the question of infringement vel non is left in considerable doubt. Without expressing an opinion upon the merits of the question submitted, we think that the discretion exercised by the trial judge in refusing the preliminary injunction should not be revised by this court. When the cause comes up for final hearing upon full proofs, the court will be in a position to intelligently determine whether an injunction should issue. See Texas Traction Co. v. Barron G. Collier, Incorporated, 195 Fed. 65, 115 C. C. A. 82; Stearns-Roger Mfg. Co. v. Brown, 114 Fed. 939, 52 C. C. A. 559; Crescent Specialty Co. v. National Fireworks Distributing Co., 219 Fed. 130, 135 C. C. A. 28; Whippany Mfg. Co. v. United Indurated Fibre Co., 87 Fed. 215, 30 C. C. A. 615.

The order of the lower court is affirmed.