CITY OF AMARILLO et al. v. SOUTHWESTERN TELEGRAPH & TELEPHONE CO.

(Circuit Court of Appeals, Fifth Circuit. November 12, 1918. Rehearing Denied December 19, 1918.)

No. 3271.

1. APPEAL AND ERROR ⬅954(1)—TEMPORARY INJUNCTION—DISCRETION OF TRIAL COURT.

Discretion of court in granting temporary injunction pending final hearing will not be reviewed, unless abuse is shown.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. Injunction ☞136(2), 149—Temporary Injunction—Propriety—Deposit in Court.

The granting of a temporary injunction restraining a municipality from enforcing against a telephone company an ordinance prohibiting the collection of increased rates until underground installation of wires *held* proper, though company should be required to make deposit instead of giving bond, to secure patrons in case restitution of increase should be ordered.

Appeal from the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

Bill by the Southwestern Telegraph & Telephone Company against the City of Amarillo and others. From an interlocutory order directing the issue of an injunction pendente lite, defendants appeal. Modified, and, as modified, affirmed.

W. H. Kimbrough, R. E. Underwood, and M. J. R. Jackson, all of Amarillo, Tex., for appellants.

S. P. English, of Dallas, Tex., for appellee.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is an appeal by the defendant in the District Court (appellant here) from an interlocutory order of that court directing the issue of an injunction pendente lite, restraining the defendant from the enforcement of a municipal ordinance against the plaintiff (appellee) which prohibited the plaintiff from collecting increased rates for service, fixed by it, until it had installed its wires underground within the fire limits of the city of Amarillo. The motion for a temporary injunction was heard upon bill, answer, affidavits, and counter affidavits.

The plaintiff claimed the right to put in and maintain the increased rates by virtue of the ordinance granting its predecessor the franchise to maintain and operate its telephone system in the streets of the city. The defendant contended that the plaintiff was in default of a stipulation in the ordinance that it was to install its wires underground within the city's fire limits, which it was conceded it had not done, and that it could not resort to a court of equity to enforce the ordinance, as a contract, in its favor, while in default of performance of the conditions required of it. The plaintiff also claimed that the rates in force before increased were confiscatory, and that, regardless of the ordinance contract, it could enjoin the inhibitory ordinance upon the ground that it deprived plaintiff of its property without due process. The defendant denied that the old rates were confiscatory, and denied plaintiff's right to resort to equity, while in default under the contract ordinance, though they were confiscatory.

The District Judge did not undertake to determine, on the hearing of the motion, any issue of fact or law, except the default of the plaintiff as to the underground installation; but in view of the serious and doubtful questions presented by the motion, and the impossibility of reaching a proper conclusion on a preliminary hearing, and in view

of the fact that the subscribers, represented by the defendant, could be amply protected, if the temporary injunction issued, by a deposit in the registry of the court for their reimbursement in the event the increased rates were held to be illegally put into effect on the final hearing, while the plaintiff, if the temporary injunction was denied, would irreparably lose the benefit of the increased rates until final hearing, even if the increased rates were then sustained and the inhibitory ordinance permanently enjoined, decided to grant the motion, conditioned upon the plaintiff depositing in the registry of the court an amount adequate for the reimbursement of the subscribers.

[1] The rule is settled that the granting of a temporary injunction, pending final hearing, is within the sound discretion of the trial court, and that the granting of a temporary injunction will be reviewed on appeal only if the lower court has abused its discretion or improvidently granted the writ. Texas Traction Co. v. Barron G. Collier, Inc., 195 Fed. 65, 115 C. C. A. 82; Southern Pacific Co. v. Earl, 82 Fed. 690, 27 C. C. A. 185; Kankakee v. American Water Supply Co., 199 Fed. 757, 118 C. C. A. 195. Especially will the granting of the temporary writ be upheld, when the balance of injury as between the parties favors its issuance. Memphis Gas & Light Co. v. Memphis (C. C.) 72 Fed. 952; Southern Railway Co. v. McNeill (C. C.) 155 Fed. 756.

[2] In view of the doubt attending the questions involved, and the difficulty of properly solving them on a preliminary hearing upon affidavits, and the fact that the loss the appellee will suffer from the enforcement of the ordinance pending final hearing will be irreparable, and the possibility of so molding the order as to protect the subscribers if the defendant should succeed upon final hearing, we are not disposed to hold that the District Judge abused his discretion in granting the writ, or ordered its issue improvidently.

The opinion of the District Judge recited the offer by the plaintiff to make a deposit or execute a bond to protect the subscribers, and directed the clerk of the court to ascertain what would be a proper amount to deposit with the court for their protection, and that, upon such deposit being made, the writ should issue. The order of the District Court, however, provides that, upon the filing by plaintiff of a bond in the sum of $30,000, the writ should issue. Upon the hearing in this court, the appellant's counsel complained of the substitution of the bond for the deposit, and counsel for appellee renewed its offer to make the deposit in addition to the bond.

We are of the opinion that the subscribers will be more amply protected by a deposit. The order appealed from should be modified, so as to provide for the continuance in force of the writ, upon the plaintiff's making with the clerk of the District Court a deposit in an amount to be determined by him to be sufficient to repay to those having, or that may hereafter have, contracts with the plaintiff for telephone service in the city of Amarillo, the difference between the charges at the increased rates and at the rates which had theretofore obtained, during the period the writ is in force, within five days after being notified of such determination of the clerk, and such additional

deposits, if any, as may in the opinion of the District Court become at any time or times hereafter necessary for that purpose and be ordered by it, and stipulating of record to submit itself to the jurisdiction of the District Court in the matter of the determination of the claims of such persons for reimbursement from such deposit or deposits.

The cause is remanded to the District Court for the modification of the order appealed from in conformity with this opinion, and, as so modified, the order will be affirmed.