### GRIFFITH, Postmaster, et al. v. W. S. VICK GROCERY CO.

(Circuit Court of Appeals, Sixth Circuit. April 15, 1921.)

No. 3539.

1. Courts ⬤⟳299—Jurisdiction under postal laws to be pleaded, not as a conclusion, but by statement of facts.

Under Judicial Code, § 24 (Comp. St. § 991), the mere allegation that "the matter in controversy arises under the postal laws" is but a conclusion of law, which it is unnecessary to plead, as the jurisdiction of the court in that regard is to be determined from the facts pleaded.

2. Post office ⬤⟳23—Injunction as to delivery of mail lies only in a clear case.

The duty of the Post Office Department to deliver mail so far as possible being an important, and in some instances a difficult and delicate one to perform, courts will not lightly interfere by injunction with the judgment and discretion of the postal authorities, nor unless the applicant for injunction demonstrates a clear right to receive certain mail, and that the failure of the postal authorities to deliver it to him impairs a substantial right.

3. Post office ⬤⟳23—Injunction as to delivery of mail approved.

Where one V., a large stockholder in a wholesale grocery corporation in the city of O., bearing his name as the V. Grocery Co., sold his stock therein, and, as agreed on the sale, his name was eliminated from the corporate name by changing it to the C. Grocery Co. in October, 1919, and in March, 1920, V. and others organized a new corporation, also conducting a wholesale grocery business, in the city of O., under the name of V. Grocery Co. formerly borne by the C. Co., the postmaster, who, before the new V. Grocery Co. was organized, had been delivering to the C. Co. mail directed to the V. Grocery Co. at that city, acted properly in continuing such delivery as to mail which was not addressed by street and number, but, in suit by the V. Co. for injunction against such delivery, instituted in November, 1920, in view of the time elapsed since the organization of the new V. Co., it was not an abuse of discretion to order mail addressed to the V. Grocery Co., at O., without street and number address, to be delivered to the new V. Co., although mail addressed to the V. Co. at the address of the C. Co. would be ordered to be delivered to the C. Co.

Appeal from the District Court of the United States for the Owensboro Division of the Western District of Kentucky; Walter Evans, Judge.

---

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit in equity by the W. S. Vick Grocery Company against Clinton Griffith, Postmaster, and another. From an order granting a temporary injunction against defendants, they appeal. Modified and affirmed.

E. B. Anderson, of Owensboro, Ky., for appellants.

W. P. Sandidge, of Owensboro, Ky. (Sandidge & Sandidge and Louis I. Igleheart, all of Owensboro, Ky., on the brief), for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. This is an appeal from an order of the District Court of the United States for the Western District of Kentucky, Owensboro Division, granting a temporary injunction against appellants in an action pending in that court in which action W. S. Vick Grocery Company is plaintiff and Clinton Griffith, postmaster, and Crescent Grocery Company are defendants.

It appears from the evidence that a corporation was organized by W. S. Vick and others in 1905 under the name of the Vick-Miller Candy Company. In 1911 the name of this corporation was changed to W. S. Vick Grocery Company. This company was engaged in selling groceries at wholesale, and a large amount of its business was conducted by mail. Mr. W. S. Vick was a large stockholder in this corporation, and in October of 1919 sold this stock to other persons then holding stock in the same corporation, and as a part of the contract of sale it was agreed that the name W. S. Vick should be eliminated from the corporate name of this company, and on the 28th day of October, 1919, in pursuance of this agreement, the corporate name of this company was changed from the W. S. Vick Grocery Company to the Crescent Grocery Company, and the wholesale grocery business continued under the new name.

About the 4th of March, 1920, W. S. Vick and others organized a new corporation under the name of W. S. Vick Grocery Company, which new company also conducted a wholesale grocery business. After the name of the first W. S. Vick Grocery Company was changed to the Crescent Company, and before the new W. S. Vick Grocery Company was organized, a large amount of mail directed to the W. S. Vick Grocery Company arrived at the Owensboro post office, and Mr. Griffith, the postmaster, delivered this mail to the Crescent Grocery Company. After the organization of the new company the postmaster continued to deliver to the Crescent Grocery Company all mail directed to W. S. Vick Grocery Company, Owensboro, Ky., without the addition of the street and number of the address; but where mail was directed in this name, and the street and number were given, then delivery was made accordingly. The new W. S. Vick Grocery Company, however, insisted that all mail so addressed, regardless of whether the street and number were given, should be delivered to it. The right of the new company, however, to receive mail so addressed, was disputed by the Crescent Company, and the postmaster thereupon required each of the rival claimants to submit a statement of facts upon which their claims were based. These statements were submitted

by the postmaster to the Post Office Department of the United States. On June 28, 1920, the acting solicitor of the Post Office Department directed the postmaster of Owensboro, Ky., to deliver all mail directed to the W. S. Vick Grocery Company that did not contain the further address, No. 123 Frederica street, to the Crescent Grocery Company, with instructions to that company to return promptly to the post office for proper delivery any mail received by it and found to be intended for the new company. The letter of the acting solicitor also contained the further provision,

"You will, however, comply with any instructions that may be issued by the court with respect to the delivery of this mail."

· Thereafter the postmaster continued to deliver all mail not having the street address (No. 123 Frederica street) to the Crescent Company, and on the 20th of November, 1920, the newly incorporated W. S. Vick Grocery Company instituted this suit in ·the District Court of the United States for the purpose of obtaining an injunction restraining the postmaster from delivering, and the Crescent Grocery Company from receiving, any mail matter directed to W. S. Vick Grocery Company, Owensboro, Ky. The petition, among other things, averred as jurisdictional facts that the matter in controversy arose under the Constitution and laws of the United States and exceeded the sum and value of $3,000, exclusive of interest and costs. The postmaster filed a separate answer, in which he disclaimed any personal interest in the controversy, further than to perform correctly his official duties, and denying that he had wilfully or intentionally placed any of appellee's mail in the Crescent Company's postoffice box. His answer further averred the facts as hereinbefore stated, and particularly the instructions given him by the Post Office Department, and further averred that it was his duty to follow such instructions until the court should instruct him otherwise.

The Crescent Grocery Company filed a separate answer, denying that the amount in controversy exceeded $3,000 exclusive of interest and costs, and denying the court's jurisdiction or authority to hear or determine this cause. It further averred in detail all of the facts heretofore stated in substance, and prayed that the bill of complaint be dismissed, and that it recover costs.

The trial court found as a fact that the matters in controversy exceeded $3,000, exclusive of interest and costs, and refused to dismiss plaintiff's petition for want of jurisdiction, and granted to the plaintiff a temporary injunction enjoining the defendant Griffith, postmaster, from delivering to the Crescent Grocery Company, its officers, agents, or employés, any mail matter arriving at the post office in Owensboro, Ky., which is addressed to the W. S. Vick Grocery Company, whether the mail does or does not bear the street address of the W. S. Vick Grocery Company, and temporarily enjoining the Crescent Grocery Company from receiving from the postmaster or any of his employés any mail matter addressed as above set forth, from which order of the court, granting this temporary injunction, the defendants appealed.

While the question of the amount of damages that plaintiff might suf-

fer by reason of the delivery of its mail to its competitor, the Crescent Grocery Company, is at best indefinite and uncertain, and somewhat speculative, yet there is some evidence in this record to sustain the finding of the trial court that the matter in controversy exceeds $3,000 exclusive of interest and costs.

[1] It is admitted, however, by the appellants in their brief that under section 24 of the Judicial Code (Comp. St. § 991)—see subsection 6 and proviso of first subsection—that, if the plaintiff had alleged and proved that the matter in controversy arose under the postal laws, the court would have had jurisdiction, but that the plaintiff's amended bill in equity contained no such allegation. The mere allegation that "the matter in controversy arises under the postal laws" is but a conclusion of law. If the facts pleaded are sufficient to show that the controversy does arise under the postal laws, then it follows that it is not necessary to aver, in addition thereto, the pleaders' conclusion of law. It also follows that, if the facts stated in the bill of complaint show that the controversy does not arise under the postal laws of the United States, the averment of the legal conclusion that it does so arise would necessarily be wholly disregarded in determining the jurisdiction of the court.

The pleadings and the evidence in this case conclusively establish the fact that this controversy does arise under the postal laws of the United States. Even if that averment were necessary, the court has the power and authority to permit or order an amendment of the bill to conform to the facts proven. For this reason it would appear that the question of the amount involved is not important in determining the jurisdiction of the federal court.

[2] The only other question arising upon the record in this case is the question of the correctness of the order of the trial court allowing the temporary injunction. It was held by this court in Crescent Specialty Co. v. National Fireworks Distributing Co., 219 Fed. 130, 135 C. C. A. 28 (C. C. A. 6), that:

"On appeal from an order granting or refusing a preliminary injunction, the single question is whether the action complained of was clearly an improvident exercise of discretion."

It is the duty of the Post Office Department to deliver mail in so far as it is possible to the individual, firm, or corporation for whom it is intended. This is undoubtedly an important, and in some instances a difficult and delicate, duty to perform, and for that reason a court ought not lightly to interfere with the judgment and discretion of the postal authorities, and a court will not do so, unless the party seeking the injunction demonstrates by the evidence that he has a clear right to receive such mail, and that the failure of the postal authorities to deliver it to him impairs a substantial right. Central Trust Co. v. Central Trust Co. of Illinois, 216 U. S. 251, 30 Sup. Ct. 341, 54 L. Ed. 469, 17 Ann. Cas. 1066. In that case it is held that the finding of facts by officers in charge of the several departments of the government are conclusive, unless palpable error appears. To the same effect is the holding in the case of National Life Insurance Co. of the United States v. National Insurance Co., 209 U. S. 317, 28 Sup. Ct. 541, 52

L. Ed. 808. It was also held in the case of Central Trust Co. v. Central Trust Co. of Illinois, supra, that:

"While the benefit of one's legal name belongs to every party, individual or corporation, it may at times be necessary and proper to look beyond the exact legal name to the name by which a party is customarily known and addressed in order to properly deliver mail to the person to whom it is addressed."

[3] In this case, after the change of the name of the old W. S. Vick Grocery Company to the Crescent Grocery Company, and before the organization of the new company, it is clear that it was the duty of the postmaster to deliver all mail addressed to the W. S. Vick Grocery Company to the Crescent Grocery Company. It was not merely the successor of the W. S. Vick Grocery Company, but it was the W. S. Vick Company, owning the same property, conducting the same business under a new name. This fact, of course, was known to the incorporators of the new W. S. Vick Grocery Company, when they adopted that name for the new corporation, and they must be held to a knowledge of the fact that the adoption of that name would necessarily lead to some confusion, not only in the delivery of mail, but in the trade generally, and especially in view of the fact that the new company proposed to engage in the same business. The incorporation of the new company under this old name did not ipso facto destroy the right of the Crescent Grocery Company to receive mail directed to the W. S. Vick Company.

On the contrary, the decision reached by the acting solicitor of the Post Office Department was entirely right and proper. If the new company suffered any disadvantage by reason of the postmaster following and observing the instructions given him by the Post Office Department, it cannot be heard to complain, because it voluntarily created the condition which led to the difficulty in determining to whom this mail should be delivered. However, this order ought not to obtain permanently, for necessarily in the course of time the public generally, and particularly those dealing with the respective companies, would learn to know the difference between the Crescent Grocery Company, that at one time had done business under the name of the W. S. Vick Grocery Company, and the new company doing business organized under that name in March, 1920. It would seem that the time that had elapsed from June 28, 1920, when this order was made by the Post Office Department, and the 20th day of November, 1920, when this action was commenced, might be sufficient to bring about a substantial change in the situation.

This was no doubt contemplated by the acting solicitor when, in the order directed to the postmaster of Owensboro, Ky., he wrote:

"You will, however, comply with any instructions that may be issued by the court with respect to the delivery of this mail."

This advice was probably given in view of the fact that a court would be in better position to hear the evidence and determine the respective rights of the parties, and particularly the changed conditions that might arise in the course of time. Under these circumstances, it

was perhaps proper, and undoubtedly to the advantage of all parties concerned, including the Post Office Department, that this action should have been filed in court, where the witnesses could be examined under oath, and the conditions then obtaining be determined with greater accuracy than would be possible for the Post Office Department upon the mere conflicting statements of the rival claimants. For this reason we think the court properly took jurisdiction of this question, which under ordinary circumstances would be left wholly to the discretion of the department of government having these matters in charge. The evidence offered upon the hearing of this motion is sufficient to show that the court in determining this injunction did not exercise an improvident discretion, or that such discretion was based upon wholly erroneous conception of pertinent facts or law. The evidence shows a material change in the situation, that a very large amount of the mail matter directed to the W. S. Vick Grocery Company not bearing the name of street and number was intended for plaintiff-appellee, and that there would be far less danger of mistake in delivering all of this mail to the W. S. Vick Grocery Company than in delivering it to the Crescent Grocery Company, and the injunction to that extent was not an abuse of discretion.

We are of the opinion, however, that the injunction is too broad, in that it enjoins the postmaster from delivering mail directed to the W. S. Vick Grocery Company, bearing the name of the street and number of the business address of the Crescent Grocery Company, and to that extent this injunction will be modified, and affirmed as modified, reserving, however, to the parties, or either of them, the right to move for a further modification or for the dissolution of this temporary injunction, whenever it may appear from experience under its terms, as modified, or from a change in existing conditions, that the same should be vacated, or that further modification should be made.

It appearing further that the defendant Clinton Griffith, postmaster of Owensboro, Ky., has no personal interest in this controversy, that an order had been made by the Post Office Department in reference thereto, that it was his duty to obey such order, and observe the instructions given him by the Post Office Department, and that he has faithfully and impartially performed that duty, it is further ordered that no costs be adjudged against him in this court.