**FITE v. PAYNE, Postmaster.**
**Civ. No. 3995.**

District Court of the United States
N. D. Texas, Dallas Division.
June 19, 1950.

Frank H. Cathey, Jr., Tom King, Frank Cusack, all of Dallas, Texas, for plaintiff.

Frank B. Potter, United States Attorney, A. W. Christian, Assistant United States Attorney, Fort Worth, Texas, O. Morris Harrell, Assistant United States Attorney, Dallas, Texas, for defendant.

ATWELL, Chief Judge.

Plaintiff alleges that he is engaged in the general insurance business, with an office in the Chamber of Commerce Building on West Jefferson Boulevard in Dallas, and that that is in a business area of the city of Dallas. That another business area of the city of Dallas, with the same sort of business and commercial activities, is continuing to receive the same number of mail deliveries that it received prior to on or about June 1st, 1950, at which time the de-

fendant issued orders curtailing the delivery of mail to the plaintiff and reducing the number of deliveries to one per day from Monday through Saturday. That the nature of the plaintiff's business is such that he is dependent upon mail delivery service. That by reason of such curtailment and prompt service as he received prior to such order, other persons engaged in the same business have an unfair advantage over the plaintiff, and, that the action of the Postmaster is arbitrary and unwarranted. That the plaintiff has a right to receive the same service as is extended to other citizens in a business area.

He prayed for notice to the defendant to show at a hearing why a temporary injunction should not issue against him to enjoin him from extending to other citizens of the city of Dallas any more or greater mail delivery service than is extended to plaintiff, and that upon a final hearing, the defendant be enjoined permanently from such practice.

The complaint is somewhat extended in its language territory. What I have said is the gist of the complaint.

At the time set for the answer to the show cause order, the defendant challenged the jurisdiction of the court by stating it was not a civil action arising under an Act of Congress relating to the postal service, and, (b) it is not an original action for the procurement of a writ of injunction, and, (c) that the court does not have jurisdiction of the person of the defendant because he has not been summoned in accordance with the Federal Rules of Civil Procedure, 28 U.S.C.A., and; (d), because the complaint fails to state grounds for the issuance of an injunction.

The defendant then admitted that he was the Postmaster, and denied that he was charged by law with providing letter-carrier delivery service, and he was without knowledge as to the truth of the allegations made by the plaintiff as to his general business, or, the place of his office, and that his office was in a business area, but that it is a residential area and has been designated as such by the Postmaster General.

He denies that he issued orders curtailing delivery of mail service in the area referred to in the complaint, but that such order was issued directly by the Postmaster General. He admits that the downtown business area of Dallas continues to have three mail deliveries. He also denies that the plaintiff has a right to receive such mail service as is extended to other citizens in the business area. He then admits that he is acting under the direction of the Postmaster General, and especially, with reference to a postal bulletin dated April 18th, 1950, which requires "immediately proceed with the readjustment of city delivery routes in residential areas so as to provide one delivery each week-day, Monday through Saturday." The alleged detail of such directive is set out in the answer.

█ As to jurisdiction, this court has original jurisdiction of any civil action arising under the Act of Congress relating to the postal service. Sec. 1339, Title 28 U.S.C.A. Lewis Pub. Co. v. Wyman, C.C., 152 F. 787; Griffith v. W. S. Vick Grocery Co., 6 Cir., 272 F. 246.

█ It is the duty of the Post Office Department to deliver mail insofar as it is possible, to the individual for whom it is intended. This is an important duty. The constitution vested in Congress the right to establish post offices and post roads. Sec. 8, Art. 1. Those conveniences were for the benefit of the people, for their advancement, intellectually and materially. The people pay revenue for such service as results from the establishment of post offices and post roads. When a postage stamp in accordance with the fixed amount for such service, is attached to a piece of mail, it is the duty of the post office in which the same is deposited, to complete the contract for which it has been paid.

The testimony taken at this hearing shows that the Postmaster General never made any survey to determine whether the main business street of Oak Cliff, which has in excess of 150,000 people, was residential, or, a business area. That matter was entrusted by the Postmaster General to the Postmaster at Dallas. The Postmas-

ter at Dallas ordered the mail delivery in that business section of Oak Cliff to be limited to one delivery a day.

The testimony shows that many mail trains entering Dallas from different sections of the country, carry mail which is delivered to another business section of Dallas three times per day. That is the service that the Oak Cliff business section had before this change was ordered. The change was ordered by the Postmaster General to take place on the orders of the Postmaster at Dallas, the defendant herein. The Postmaster General acts through the Postmaster at Dallas.

In Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95, it was definitely determined that when that is the situation, the Postmaster General need not be made a party. The court acts directly upon the Postmaster. In that case, the Postmaster of Los Angeles was ordered by the Postmaster General, after a hearing under the statute, by the Postmaster General, to stamp as fraudulent mail received at the Los Angeles post office addressed to Williams, and refuse to deliver it, but to send it back to the sender. That is exactly the case here. The defendant is taking the action and the defendant can be stopped from taking that action because it is discrimination, and the ordering of the stoppage of the same sort of mail service as other sections of the city of Dallas are having, of which this particular section in which the plaintiff was a resident, is now deprived.

It follows that the court not only has jurisdiction of the case, but that the facts justify the complaint made by the plaintiff, and the defendant is temporarily enjoined from so depriving the plaintiff, and directed to furnish the plaintiff the same deliveries of mail which he originally received, and which are continuing to be received by other business sections of the city.

A bond will be fixed in the sum of $1,-000.00, payable to the Postmaster to pay for the expenses of such service, if, upon final trial, it develops that this injunction was improvidently granted to the plaintiff.