## NATIONAL FIREWORKS DISTRIBUTING CO. v. EDWARDS MFG. CO.

(Circuit Court of Appeals, Sixth Circuit. December 12, 1924.)

### No. 4189.

1. Patents ⬦324(6)—Motion to reopen for newly discovered evidence largely within trial court's discretion.

Leave having been granted to defendant by Circuit Court of Appeals, after affirmance of decree for plaintiff in patent infringement suit, to move trial court to reopen case and present newly discovered evidence, the grant or refusal of such motion is largely within trial court's discretion.

2. Patents ⬦328—No. 926,308, for toy pistol, held valid, and not anticipated.

Claim 6 of Wertz patent, No. 926,308, for toy pistol, held valid, and not anticipated by See, No. 747,245, for detonating machine.

Appeal from the District Court of the United States for the Southern District of Ohio; Smith Hickenlooper, Judge.

Suit in equity for patent infringement by the National Fireworks Distributing Company against the Edwards Manufacturing Company. After decree for plaintiff was affirmed (272 F. 23), defendant's motion to reopen the case and present newly discovered evidence was sustained, and decree rendered for defendant, from which the plaintiff appeals. Reversed and remanded.

Frederick A. Tennant, of Boston, Mass., and Alfred M. Allen, of Cincinnati, Ohio (Nathan Heard, of Boston, Mass., and Allen & Allen, of Cincinnati, Ohio, on the brief), for appellant.

Wm. R. Wood, of Cincinnati, Ohio, for appellee.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

PER CURIAM. This appeal involves the validity and infringement of claim 6 of the patent to C. W. Wertz, 926,308, for improvements in toy pistols, issued June 29, 1909, to the appellant, as assignee of Wertz. This is a second appeal. When the case was first heard in the District Court, that court held this claim valid and infringed. That decree was affirmed by this court. After the cause was remanded, this court granted consent to this appellee to apply to the trial court for leave to reopen the case and present newly discovered evidence. That motion was sustained by the trial court upon terms. The newly discovered evidence was offered, and the District Court upon consideration thereof vacated its former decree and entered a final decree adjudging claim 6 of the Wertz patent invalid.

[1, 2] The motion to reopen this case upon the ground of newly discovered evidence presented questions largely within the discretion of the trial court. The order sustaining that motion is affirmed. The important question presented upon this second appeal is whether the trial court erred in finding claim 6 of the Wertz patent invalid because anticipated by the prior patent to James W. and C. See, 747,245, dated December 15, 1903, for a detonating machine, which patent comprised all of the newly discovered evidence. The nature, purpose, and extent of the claimed invention covered

by claim 6 of the patent to Wertz and defendant's alleged infringing device are fully described in the opinion of this court upon the first appeal, which opinion is published in 272 F. 23.

The detonating machine of the See patent is not a toy pistol, nor is it intended merely as a toy for children. In the language of the inventors, it "pertains to a machine for automatic firing detonators arranged wafer-like in series upon a tape, the machine being intended for use in connection with noisy celebrations." It is not operated by a trigger at the will of the operator, but, on the contrary, it is claimed to be automatic after the first explosion, which first explosion is occasioned by raising the hammer and allowing it to fall, "whereupon the firing pin strikes the fulminate and explodes it. The reaction of the explosion thrusts the hammer up and causes another fulminate to feed forward, which in turn will be exploded by the falling hammer and so on and on until the tape is exhausted." The upward movement of the hammer is wholly dependent upon the explosion, which necessarily will vary in force in relation to the variance in the amount of fulminate placed upon the tape at spaced intervals. A pin, however, is provided, which, if the force of the explosion is at all times sufficient, will regulate the upward stroke of the hammer. The spring which controls the feed pawl is not attached to the hammer, but is operated by a projection or toe to the rear of the hammer, which, when the hammer descends, strikes the upwardly extending member of the slide to which the spring is attached and pushes it backward, causing the spiral spring to extend. This extension or toe moves with the hammer when it raises, thereby permitting the spiral spring to function and push the feeding pawl forward, so that the next fulminate upon the tape will rest upon the anvil.

This arrangement differs materially from the claim in suit, which calls for a hammer and trigger, and a feeding spring on the hammer, which spring is actuated immediately and positively by the hammer. See has no trigger, and his spring is not on the hammer. The flat springs of See have no purpose other than to hold the retaining pawl and the feeding pawl yielding against the tape. To this extent they are similar to the flat springs in Wertz, and co-operate to control the tape and prevent back-fire. In pushing the tape forward the spring of the feeding pawl does not function as a spring, other than as stated above, but only as an arm or bar through which movement is imparted to the feeding pawl. If there were no other than the flat springs in See, the detonator would not be operative. It is the spiral spring in See that actuates the feeding pawl in its forward movement. Even if it were possible to incorporate this spiral spring as the motive power of either the forward or rearward movement of the feeding pawl in the limited space within the handle of a toy pistol, Wertz has wholly discarded it and utilizes the flat spring of the feeding pawl to furnish the motive power to return the pawl to operative position.

There is nothing new or novel in the flat springs, but, as incorporated into the See detonator, the combination of these springs with the other parts may amount to invention; but such combination, actuated by a spiral spring, is not an anticipation of the Wertz combination, having the flat spring of the feeding pawl, directly upon the hammer (or trigger), and actuated in its forward movement immediately and positively by the hammer, and functioning, not only to hold the feeding pawl yieldingly on the tape, but also to furnish the motive power of the feeding pawl in its rearward movement. This detonator is not clearly within the toy pistol part. It was not so classified by the Patent Office, but it was classified under subsection 54, "toy fire arms." It is clear, however, that it was not intended as a child's toy, although it might be used by children.

Even if it were conceded that this detonator is in a kindred art, and as such could be made the basis of a claim of anticipation of the Wertz patent, the structures are so fundamentally different that the mechanism of the detonator could not be incorporated into the handle of a toy pistol without such modification, reorganization, and rearrangement of its parts as would amount to invention. Topliff v. Topliff et al., 145 U. S. 156, 12 S. Ct. 825, 36 L. Ed. 658; Troy Carriage Sunshade Co. v. Kinsey Mfg. Co., 247 F. 672, 159 C. C. A. 574; Triumph Trap Co. v. Oneida Community Co. (D. C.) 279 F. 142.

The judgment of the District Court is reversed, and cause remanded.