## SAFETY AUTOMATIC TOY CO. v. EDWARDS MFG. CO. et al.

(Circuit Court of Appeals, Sixth Circuit. July 8, 1925.)

No. 4238.

Patents ⟨⟩328 — Greenleaf, 1,088,069, for detonating device, claim 2, held valid and infringed.

The Greenleaf patent, No. 1,088,069, for a detonating device for use in automatic toy pistols, claim 2, held valid and infringed; claims 1 and 4 held not infringed, and claim 5 invalid for lack of invention.

2. Patents ⟨⟩165 — When calls of claim not given unnecessarily restrictive force stated.

When the claim calls for elements which were old and which only provided environment for the real novelty of the device, such calls should not receive unnecessarily restrictive force.

Appeal from the District Court of the United States for the Western Division of the Southern District of Ohio; Smith Hickenlooper, Judge.

Suit in equity by the Safety Automatic Toy Company against the Edwards Manufacturing Company and others. Decree for defendants, and complainant appeals. Remanded, with instructions.

Howard S. Smith, of Dayton, Ohio, for appellant.

Walter F. Murray, of Cincinnati, Ohio, for appellees.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DENISON, Circuit Judge. Infringement suit on patent No. 1,088,069, issued to Greenleaf February 24, 1914, for "detonating device," and practically employed in toy pistols, which use a reel of tape carrying spaced percussion caps attached thereto.

Claim 2 of the patent will be found in the margin,[1] and is all that need be quoted. The substantial merit claimed for the invention is that, by mounting all the operating parts upon a flat plate, and by turning over the edge of the plate as a right-angled flange, a most convenient and economical assembly is provided, the integral top flange serves for part of its length as a backing for the ammunition tape which is being fed towards the hammer, and for part of its length as an anvil upon which the hammer strikes and the explosion takes place, while the whole is specially adapted to be mounted in an inclosing case in the form of an automatic pistol, and thereby prevent any sparks flying except out of the open nozzle of the case.

[1] It is hardly denied that, as stated in this form, the device was novel.[2] Its utility is amply evidenced by large sales, and by the fact that defendant has copied it, so far as it is described by the above statement. If the matter were merely one of convenient assembly, by using a carrying plate which could appropriately be mounted in an inclosing pistol-shaped case, not only would it be directly anticipated, but it would be doubtful whether, even if novel, invention was involved. The matter is not so simple. It was a happy thought to utilize this carrying and mounting plate, so that a right-angled flange thereon would serve the double purpose of an anvil and a backing for the tape co-operating in the feeding, and without providing special parts for those purposes. When considered in connection with its undoubted simplicity and economy of manufacture and efficiency, giving in form and operation a good imitation of a real pistol, the thought and its embodiment are entitled to the protection of the patent law.

Claims 1 and 4 are substantially similar to the quoted claim 2, but carry the additional limitation that the turned-over flange on the plate should carry a depending ear or guide, which restrains and directs in its true path the edge of the tape opposite to the main plate as the tape is carried forward. Passing the question whether this additional element patentably distinguishes claims 1 and 4 from other claims, it seems clear that the defendant does not infringe, because it does not use this depending ear or guide. What defendant does is to fit its inclosing case up tight against the free edge of the flange, and thus make the case perform the guiding function of the patentee's depending ear; but the patentee had both the case and the ear, and, without regard to the effect of the Patent Office proceedings, the best that he can say is that he voluntarily inserted the limitation calling for the ear as a separate element, and with reference to a specification which described both the ear and the surrounding case. This, in our judgment, does not leave him at liberty to say that the general and necessary and always surrounding case is the equivalent of the omitted and specially designed depending guide. Indeed, he escapes anticipation by Bailey by showing that Bailey had his case integral with his plate, and did not have the two separate elements.

Claim 5 depends upon the placing of the plate and operating parts within the inclosing case, having the muzzle opening in a specified relation to the anvil, and having a grasping handle given a particular location upon the case. We do not see that this claim can be sustained, against the objection that no invention was involved in the relatively slight rearrangement made of familiar elements. We content ourselves with stating this conclusion, as the facts are such that a detailed study of the claim would not be of general benefit.

We come, then, to the question whether defendant infringes claim 2. The only difference between the patented structure and the defendant's form lies in the manner in which the motion of the trigger is made to feed the tape and in its return motion. In the patented form the plate-carried pivot for the trigger passes through a longitudinal slot therein. The trigger can therefore be rocked, and also will slide endwise—vertically. As the hammer-cocking motion is begun, the hammer resistance forces the trigger to slide up while it is rocking on its pivot, and thus the upper end bites against the ammunition tape, backed against the horizontal flange, and slides forward, carrying the tape with it. When the hammer is released, the mounting is such that the trigger drops down, the pivot coming further up in the slot, and the upper

---

[1] Claim 2—A detonating device, adapted to be employed in conjunction with an ammunition band, and including a plate provided with a flange, a portion of such flange serving as an anvil, a hammer movable relatively to the anvil, a trigger mounted for rocking movement and for endwise movement, the rocking movement of the trigger serving to retract the hammer away from the anvil, and the endwise movement of the trigger permitting the same to co-operate with the flange to impart feeding movement to the band relatively to the anvil, when the trigger is rocked in one direction.

[2] In Bailey there is no plate separate from the walls of the inclosing case.

trigger end will therefore pass backward while down and free from the ammunition tape, and will be ready for another bite and forward push upon the next cocking motion.

In defendant's form there is no slotted mounting; so far as concerns the main trigger and pivot, there is a rocking motion only. However, the upper end of the trigger is in connection with a horizontally inclined plate which is given the proper spring tension to bear against and feed the tape. This plate has a hole through which the upper end of the trigger freely passes, and as the device is operated this plate rises and falls upon the trigger stem. In a certain fair sense the endwise sliding function of the trigger is transferred from the pin and slot at the lower end of the trigger, as the patentee shows, to a post and slot at the upper end of the trigger. In other words, we observe that the trigger in the patentee's form is in function a two-part structure, the lower part of which elevates the hammer, and the upper part of which feeds the tape, and that the defendant uses a structure two-part in form as well as in function, which parts serve the same purposes as in patentee's form. We see, also, that it is only the upper or feeding portion which needs to rise and fall, and that defendant gives this motion to this part of its compound trigger, leaving the lower part vertically motionless.

[2] Whether this escapes infringement depends upon the scope to be given the claim. It calls for "a trigger mounted for rocking movement and for endwise movement." We consider this an appropriate situation in which to give some force to the criterion suggested in D'Arcy Co. v. Marshall Co. (C. C. A. 6) 259 F. 236–240, 170 C. C. A. 304; and applied by us to give a liberal construction, in (e. g.) Bundy Co. v. Detroit Co., 94 F. 524, 538, 36 C. C. A. 375. It appears that both forms of double function trigger, that used by the patentee and substantially that used by defendant, were well-known alternatives at the time of the patent. Greenleaf made no invention in the double function trigger. His sole meritorious invention was characterized by the flanged plate, and the hammer and trigger and tape devices were no more appropriate to his flanged plate than they were to other and older forms of toy pistols. They provided the environment in which his rather novel thought found application. Hence we may not, and should not, give an unnecessarily restrictive force to the call of the claim for "a trigger mounted for rocking movement and for endwise move-

ment"; and we conclude that there is infringement of the second claim. This conclusion finds support, under circumstances of more or less analogy, from our decisions in (e. g.) Schiebel Co. v. Clark, 217 F. 760, 770, 771, 133 C. C. A. 490, Jones v. General Co., 254 F. 97, 100, 165 C. C. A. 507, and Edwards Co. v. National Co. (C. C. A.) 272 F. 23, 26.

Since, upon this appeal, the appellant prevails as to matters which may, with regard to other structures, be hereafter material, it will recover costs of this court; but, since the relief by injunction and accounting will be the same as if all claims were sustained, there is no occasion to disturb the award of costs in the court below. The record will be remanded, with instructions to enter a new decree for the plaintiff in accordance with this opinion, finding infringement as to claim 2, invalidity as to 5, and noninfringement as to 1 and 4.