## INTERNATIONAL VISIBLE SYSTEMS CORPORATION v. REMINGTON RAND, Inc.*

No. 6690.

Circuit Court of Appeals, Sixth Circuit.

June 6, 1935.

*Writ of certiorari denied 56 S. Ct. 139, 80 L. Ed. —.

F. L. Zugelter and W. F. Murray, both of Cincinnati, Ohio, for appellant.

Edwin T. Bean, of Buffalo, N. Y. (Allen & Allen, of Cincinnati, Ohio, and Barton A. Bean, Jr., and Malcolm K. Buckley, both of Buffalo, N. Y., on the brief), for appellee.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

This is a bill of complaint for infringement of Patent No. 1,407,948, issued to B. G. Rand on February 28, 1922, and of Patent No. 1,429,628, issued to J. H. Rand, Jr., on September 19, 1922, both of which are owned by the appellee. The claims in suit are 1, 3, 7, 8, 9, 10, 11 and 12 of the B. G. Rand Patent, and Claims 1, 2, 3 and 20 of

the J. H. Rand, Jr., Patent. The District Court found the claims in suit valid and infringed, and entered a decree for injunction and accounting.

The patents relate to metal filing cabinets devised for housing a number of flat drawers or panels containing index cards adapted for what is commercially known as "visible indexing."

The B. G. Rand Patent discloses a cabinet preferably constructed of furniture steel, containing a plurality of panels each detachably mounted on extendable slides with independent supports. A transverse pivot rod protruding from each side of the panel at its rear engages a groove in each slide. When the slides are extended, the panels swing vertically from the pivot rods. In addition to allowing ready detachment of the panels for work elsewhere, the device enables a plurality of panels to be supported in an inclined position for reference.

The J. H. Rand, Jr., Patent discloses the shelf construction of the cabinet and the installation of channeled spacing members. The shelves are roughly H-shaped so that the projecting end portions fit into inwardly opening vertical channels formed in the outer box construction, tying together the sides of the cabinet. The channeled spacing members are interposed between the shelves and also extend into the inwardly opening channels. Claim 20 discloses casing and drawer-supporting members constructed so as to permit lateral shiftability of the drawers. The purpose is to allow a plurality of drawers to be viewed simultaneously, by lateral shifting as well as by vertical swinging.

Appellant asserts (1) invalidity of the patents due to prior invention, and (2) non-infringement.

Cabinets with sliding drawers pivoted so as to depend singly from the front of the cabinet were old in the art, whether made of metal, wood, or of wood and metal combined. It was old for the sliding drawers to be detachable from the cabinet and from the supporting means. Hence the patents in suit are improvements and secondary.

Appellant contends specifically that Claims 1, 10 and 11[1] of the B. G. Rand Patent are anticipated by the Bankmann Patent, No. 731,654 (1903), and that the other features of the B. G. Rand Patent are anticipated in the prior art.

The Bankmann Patent comprises seven claims for "a drawer." While the drawer can be tilted when fully withdrawn from the cabinet, it is not pivoted from the rear, but is swung from the center of its sides. With its central mounting and the depth of the box, its suspension makes practically impossible the simultaneous tilting of another drawer.

Nor does the Bankmann device hint at the possibility of simultaneous inspection of material in a number of drawers disclosed by the patents in suit. The central purpose of appellee's device is neither claimed nor achieved under Bankmann.

The same statement is true of Birkhead, No. 321,078 (1885), which is a patent for a "furniture drawer." The arrangement of appellee's device by which a plurality of panels may be simultaneously withdrawn is not even forecast in these patents.

Dungan, No. 1,205,604 (1916), discloses a plurality of record drawers capable of being tilted when withdrawn from the cabinet. However, its panels are not detachable from the slides, and its slides are not movable beyond the front face of the cabinet. Hunter, No. 729,180 (1903), does not claim detachable drawers. Mapes, British Patent No. 12,476 (1906), has a device in which two successive trays cannot be ex-

---

[1] B. G. Rand Patent.

Claim 1. "The combination of a cabinet having a panel slidable therein, slides guided in said cabinet, and means for pivotally mounting said panel on said slides, said panel being independent of and detachable from said slides."

Claim 10. "The combination of a cabinet having panel-supports, a panel mounted on said supports, channeled slide-bars guided on said supports, a pivot attached to said panel and slidable in the channels of said bars, the latter being provided in their flanges with openings for the passage of said pivot, to permit removal of said panel from the slide bars when it is withdrawn from the cabinet."

Claim 11. "The combination of a cabinet having a sliding panel therein, means for supporting said panel in the cabinet, channeled slide bars guided on said supporting means, and closed at their ends and a transverse pivot-rod carried by said panel and engaging the channels of said bars to slide lengthwise of the latter, said slide bars having their upper flanges provided adjacent their front ends with openings for the entrance and exit of said pivot-rod."

hibited simultaneously, and Patterson, No. 946,151 (1910), is a patent for "an extension drawer support" for cabinets and furniture of that class in which the drawer is designed to be drawn from its compartment and to be supported horizontally in its outermost position. Quigley, No. 1,413,778 (1922), provided that other drawers should be locked while one was withdrawn.

The claims of the B. G. Rand Patent are for a combination. Great financial success has resulted from its commercial use and from the use of the J. H. Rand, Jr., Patent. This fact, however, turns the scale in favor of validity on the issue of invention only when the other facts in the case leave the question in doubt. Page Steel & Wire Co. v. Smith Bros. Hardware Co., 64 F.(2d) 512 (C. C. A. 6). Here certain of the elements of the combination are admittedly old, but the use of extendable slides with these old elements produces a novel and highly useful result, namely, the possibility of simultaneous inspection of the plurality of panels. This involves something more than mere mechanical skill, and constitutes invention. Detroit Carrier & Mfg. Co. v. Dodge Bros., 33 F.(2d) 743 (C. C. A. 6); Goodyear Tire & Rubber Co. v. India Tire & Rubber Co., 51 F.(2d) 204 (C. C. A. 6).

■ Appellant does not seriously attack the validity of Claims 1, 2 and 3 of the J. H. Rand, Jr., Patent. As to Claim 20,[2] it contends that the previously filed Rand & King Patent, No. 1,429,627, co-pending with the J. H. Rand, Jr., Patent and allowed on the same day, is an anticipation, and claims, therefore, that J. H. Rand, Jr., is not the sole inventor of the lateral shiftability feature of Claim 20. The application for the Rand & King Patent does not claim, nor do the drawings of Rand & King disclose this feature. Claim 20 was added by amendment to the J. H. Rand, Jr., Patent. The supplemental oath required under the rules of the Patent Office showed that the subject-matter of the amended claim, that is, the feature of lateral shiftability, was invented before Rand filed his original application. The drawings of the J. H. Rand, Jr., Patent, disclose a space between the sides of the panel and the inner surface of the cabinet, while the drawings of Rand & King make no allowance for such clearance. The amended specification of the J. H. Rand, Jr., Patent describes a possible movement of the tail pieces permitting lateral shiftability. Claim 20 is not anticipated by the patent to Rand & King.

The claims in suit are valid.

■■ Upon the question of infringement, appellant contends that its device does not infringe because (1) the slide is in one piece, being connected by a bar across the back, while appellee's device has two separate slides, one on each side of the cabinet; (2) its slide and panel are disclosed in the same plane, while appellee's slide is in a plane above that of the panel, and (3) its slide is prevented from being withdrawn from the cabinet by transverse wings attached thereto coming in contact with the flanges on the front of the cabinet, while the same function is performed in appellee's device by a projection depending from the slide. Appellant's partition members are loosely placed, but are held by the weight of the panels, and spacer members are tied into position by the ears or projections of the spacer members which extend into the inwardly opening channels of the cabinet. This is the equivalent of the projection of the partition members into the inwardly opening channels of the J. H. Rand, Jr., Patent, Claim 1. While the inventors were not entitled to the wide range of equivalents allowed to pioneer inventions, they were entitled to a range of equivalents commensurate with the scope of their inventions. Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U. S. 405, 28 S. Ct. 748, 52 L. Ed. 1122. Appellant's device does not have precisely the same features as those above stressed in the patents of the appellee, but it performs

[2] Claim 20. "A cabinet comprising a casing, a plurality of drawers slidably supported one above another in said casing to permit the drawers to be pulled forwardly out of the casing, a plurality of index elements arranged in each drawer in overlapping relation with corresponding edges of said elements exposed one in front of the other lengthwise of the drawer, drawer-supporting members movable in the casing to positions projecting forwardly in front of the casing and on which said drawers are pivotally supported to swing vertically when the drawers are pulled out and the drawer-supporting members are in their forwardly projecting positions, said casing and drawer-supporting members being constructed to permit said drawers to shift laterally to oblique positions relatively to each other when the drawers are pulled out, thereby to expose the ends of said index elements along the side edge of a drawer underlying another drawer or drawers."

 

the identical function in substantially the same way as appellee's cabinet. Hence infringement is established. Edwards Mfg. Co. v. National Fireworks Distributing Co., 272 F. 23 (C. C. A. 6).

The decree of the District Court is affirmed.